IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

SUMMER JONES SIBLEY           )
                              )
v.                            )    No. 2:18-0027
                              )
SOCIAL SECURITY               )
ADMINSTRATION                 )

To:   The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of disability and Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record. Docket Entry ("DE") 16.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (DE 16) be **DENIED**.

## I. INTRODUCTION

Plaintiff filed an application for a period of disability and DIB on January 22, 2015 asserting that she was unable to work due to back problems and high blood pressure. *See* Transcript

of the Administrative Record (DE 12) at 73, 89.[1] She alleged a disability onset date of April 24, 2013. AR 73.

Plaintiff's applications were denied initially and upon reconsideration AR 73, 86. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Todd Spangler on March 7, 2017. AR 33. On July 19, 2017, the ALJ denied the claim. AR 12-14. On January 26, 2018, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision (AR 1-4), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

As part of the decision, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since April 24, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease, hypertension, and obesity (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with standing and walking a total of 6 hours in an 8-hour workday. She can climb ramps and stairs no more than occasionally, but never

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

2

climb ladders, ropes, or scaffolds. Other postural activity is limited to no more than occasionally, such as, stooping, kneeling, crouching, and crawling; and she should avoid jobs involving workplace hazards.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on August 16, 1980 and was 32 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a))

11. The claimant has not been under a "disability" or for [Medicare Benefits as a Qualified Employee] purposes, as defined in the Social Security Act from April 14, 2013, through the date of this decision (20 CFR 404.1520(g)).

AR 17-25.

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

3

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v.*

4

*Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement.

20 C.F.R. § 404.1520(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. § 404.1520(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the

6

Case 2:18-cv-00027   Document 19   Filed 04/30/19   Page 6 of 16 PageID #: 806

claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments

7

that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform a range of sedentary work with express limitations to account for her severe impairments, and that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform despite such limitations. AR 17-25.

### D. Plaintiff's Assertion of Error

Plaintiff contends that the ALJ erred by (1) rejecting the opinion of the treating physician, and (2) evaluating her allegations regarding the severity of her pain. DE 17 at 18, 20. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id.* at 22.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala,* 25 F.3d 316, 318 (1994). The Court will address Plaintiff's assertion of error below.

8

**1. The ALJ's Evaluation of the Treating Physician's Opinion.**

Plaintiff alleges that the ALJ violated the so-called "treating physician rule" by improperly rejecting the opinion of her treating physician, Dr. Ronald Segura.[2] Pursuant to this rule, the ALJ must give controlling weight to the opinion of a treating physician if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the opinion is not given controlling weight, the ALJ must determine the amount of weight to accord it based on a variety of factors that include the length, frequency, nature, and extent of the treatment relationship, whether the physician is a specialist, and the degree to which the opinion is consistent with the record as a whole. *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)). The ALJ is required to provide "good reasons" that are "sufficiently specific to make clear to any subsequent reviewers" the basis for such weight allocation. *Johnson-Hunt v. Comm'r of Soc. Sec.*, 500 F. App'x 411, 418 (6th Cir. 2012) (quoting *Helm v. Comm'r of Soc. Sec. Admin.,* 405 F. App'x 997, 1000 (6th Cir. 2011)).

Plaintiff relies on an office note documenting an encounter on July 17, 2012, during which Dr. Segura placed the following restrictions on Plaintiff: no heavy lifting over 10 pounds, no repetitive bending and twisting, no prolonged standing or stooping, and no repetitive pushing or pulling. AR 383. Contrary to Plaintiff's claim that the ALJ "rejected" these proposed limitations (DE 17 at 18), the ALJ actually accorded "some weight" to this opinion but concluded that Plaintiff was still able to perform sedentary work based on the totality of her treatment records, which demonstrated consistent improvement in pain severity and physical functionality. AR 22.

---

[2] The treating physician rule applies to all Social Security claims filed before March 27, 2017, such as the instant one. *See* 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017).

Regardless, Plaintiff maintains that the objective medical evidence fully supports Dr. Segura's proffered restrictions and additionally asserts that the ALJ failed to properly consider the limiting effects of her alleged pain. DE 17 at 19-20.

The Court finds no reversible error in the ALJ's analysis of Dr. Segura's opinion. As previously noted, the ALJ referenced treatment records indicating improvement in Plaintiff's symptoms and her functional capacity, including "75% pain relief" following epidural steroid injections, significant improvement with aquatic therapy, and general improvement in activities of daily living and quality of life with the use of other prescribed medication. AR 21, 417, 436, 475, 630. The ALJ also highlighted mild findings derived from numerous physical examinations over the course of her treatment, which included normal muscle strength, normal gait and balance, and negative straight leg raise testing. AR 21, 616. Such evidence tends to bolster the ALJ's decision to discount Dr. Segura's restrictions. *See Vaughn v. Astrue*, No. CIV.A 2009-192(WOB), 2010 WL 988986, at *3 (E.D. Ky. Mar. 15, 2010) (affirming ALJ's decision to reject treating physician's finding of disability because "mild impairment" to the spine "is not consistent with a disabling impairment")

Plaintiff nonetheless cites an MRI conducted in July of 2012, more than nine months before the alleged onset date, to argue that imaging studies demonstrate the presence of a disabling condition. DE 17 at 19-20. As noted by the ALJ, however, this MRI actually reveals only "mild" spinal canal narrowing and "minimal" foraminal narrowing, which conflicts with the severity of the restrictions offered by Dr. Segura. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 713 (6th Cir. 1988) (noting that mildly degenerative spinal conditions are not generally considered severe enough to reasonably produce disabling pain) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). Subsequent imaging studies in September of

2013 likewise demonstrated "mild [degenerative joint disease] of the lower lumbar spine," while an MRI in May of 2016 again noted "minimal" narrowing without any evidence of nerve root compression. AR 335, 556. Contrary to Plaintiff's argument, such evidence tends to support the ALJ's conclusions regarding Dr. Segura's opinion.

Plaintiff offers two additional arguments that fail to persuade the undersigned that the ALJ committed reversible error. First, Plaintiff appears to suggest that Dr. Segura's opinion should be controlling because it is consistent with the limitations proffered by a non-examining state physician, Dr. Louis Chelton, which restricted Plaintiff to standing and walking for four hours per eight-hour workday. AR 68. It is true that this standing/walking limitation appears in both opinions and that Dr. Chelton's opinion was accorded significant weight; however, it is equally true that the ALJ specifically rejected the standing/walking portion of Dr. Chelton's opinion and limited Plaintiff to exclusively sedentary work. AR 22. This single commonality between the opinions of Dr. Segura and Dr. Chelton therefore fails to demonstrate any inconsistency in the ALJ's weight allocation.

Plaintiff next asserts that the ALJ erred by highlighting that Dr. Segura's opinion was rendered early in their treatment relationship. DE 17 at 20. The Court first notes that the time at which a medical opinion is rendered is always pertinent given that opinions offered outside of the relevant time period are minimally probative. *Cf. Wallace v. Comm'r of Soc. Sec.*, 367 F. Supp. 2d 1123, 1134 (E.D. Mich. 2005) (noting that a treating physician's opinion "need not be accorded special weight" since physician was not treating Plaintiff during the alleged period of disability). This is especially true in this case given that Dr. Segura's opinion was offered approximately nine months before the alleged onset date. AR 383.

11

Case 2:18-cv-00027 Document 19 Filed 04/30/19 Page 11 of 16 PageID #: 811

Moreover, there is no indication in the record that Dr. Segura intended for these restrictions to be anything other than short-term accommodations, which would preclude them from establishing the existence of a disabling condition. *See* 42 U.S.C.A. § 423(d)(1) (disability is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months"). Plaintiff faults the ALJ for "fail[ing] to consider ... that the restrictions were never lifted" following this visit (DE 17 at 20), but such speculation is unnecessary in light of the provider's notation during an encounter just three weeks later that Plaintiff would require "a work excuse and restrictions for no work *until [M]onday August 13, 2012*." AR 388-89 (emphasis added). Dr. Segura was therefore inclined to continue issuing temporary work restrictions *after* the July 17, 2012 encounter, which suggests that the restrictions assigned during that visit were similarly short-term in nature and therefore of little use to the instant analysis. *See Hiltunen v. Colvin*, No. 2:14-CV-13315, 2015 WL 5472287, at *3 (E.D. Mich. Sept. 17, 2015) (affirming ALJ's decision to "grant[] little weight to these off-work slips because they were intended to be only temporary restrictions"). The Court also notes that Plaintiff received permission from her primary care provider to return to work *without* restriction four months after the encounter (AR 488), which similarly undermines the applicability of the July 17, 2012 office note.

A claimant's burden in seeking reversal of an administrative decision involves more than "[m]erely marshalling evidence to suggest that [she] is disabled," but also evidence that the ALJ's conclusions are not supported by substantial evidence. *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 540 (6th Cir. 2014). Plaintiff's brief fails to identify anything in the ALJ's analysis of Dr. Segura's opinion that is inconsistent with the record evidence; to the contrary, even assuming

12

that Dr. Segura's note from July of 2012 constitutes a medical opinion pertaining to disability, the record is replete with evidence to support the ALJ's conclusion that Plaintiff's lower back symptoms were well controlled with medication and therapy. *See Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 722 (6th Cir. 2004) (affirming ALJ's assignment of less-than-controlling weight to treating physician's opinion based on conflicting evidence in the administrative record). The Court therefore finds that substantial evidence supports the ALJ's weight allocation.

**2. The ALJ's Evaluation of Plaintiff's Alleged Pain.**

Plaintiff finally contends that the ALJ improperly evaluated her allegations regarding the severity of her symptoms.[3] When a claimant alleges the existence of disabling symptoms, the ALJ is required to examine whether medical evidence supports a finding of an underlying medical condition and, if so, determine whether the condition is of such a severity that it could reasonably be expected to produce the alleged symptoms. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). If the claims are not substantiated by medical evidence, the ALJ is required to evaluate the consistency of the claimant's allegations based on the record. SSR 16-3p, 2016 WL 1119029, at *2 (March 16, 2016). An ALJ's determination regarding a claimant's credibility may not be disturbed by the courts "absent compelling reason." *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987)).

---

[3] Relevant Social Security regulations previously required the ALJ to evaluate the "credibility" of the subject claimant. *See* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 (July 2, 1996). However, SSR 16-3p, which replaced SSR 96-7p and was in effect at the time of the administrative hearing, removes the term "credibility" and directs the ALJ to consider a claimant's "statements about the intensity, persistence, and limiting effects of the symptoms," and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2016 WL 1119029, at *6. There appears to be little substantive difference between the two rulings as case law that addresses "credibility" findings remains applicable to the undersigned's analysis.

The ALJ in this case concluded that although Plaintiff suffers from an underlying medical condition, her statements regarding the intensity, persistence, and limiting effects of her accompanying symptoms were "not entirely consistent with the medical evidence[.]" AR 22. Plaintiff's lone objection to the ALJ's assessment is that the ALJ placed undue significance on her ability to repeatedly drive from Crossville, Tennessee to Louisiana despite experiencing severe back pain, including the rather uninspiring explanation that her "doctors were in Louisiana and she had to make that trip for treatment." DE 17 at 22. The Court notes initially that neither the office's geographic location nor Plaintiff's belief in the necessity of her treatment is in dispute; the ALJ instead referenced Plaintiff's frequent trips to Hammond, Louisiana, a town approximately 600 miles from her current residence in Crossville, to highlight the ostensible discord between the capacity to drive or ride in a car for 10 hours to receive medical treatment and the severe physical limitations she alleged during the administrative hearing, which included an inability to sit more than 30 minutes at a time and the need to lie supine on the floor for three to four hours each day. AR 50, 55. The Court finds no error in the ALJ's consideration of this evidence. *Cf. Peak v. Astrue*, No. CIV.A. 10-283-GWU, 2011 WL 1399701, at *4 (E.D. Ky. Apr. 13, 2011) (affirming ALJ's credibility determination based on finding that claimant's ability to drive from Lexington, Kentucky to Daytona Beach, Florida "would appear to demonstrate a level of functioning somewhat greater than the plaintiff alleges").

Even disregarding the ALJ's reference to Plaintiff's travels, there is ample evidence to support the ALJ's assessment. For example, the ALJ noted that Plaintiff reported no back pain whatsoever to her primary care provider between July of 2012 and March of 2016 (AR 20), which discredits her complaints of disabling pain during that time period. *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). The ALJ also considered the relatively mild

14

Case 2:18-cv-00027 Document 19 Filed 04/30/19 Page 14 of 16 PageID #: 814

findings derived from numerous imaging studies (AR 21), as is required under SSR 16-3p. *See* 2016 WL 1119029 at *6 (ALJ must "evaluate whether the [claimant's] statements are consistent with objective medical evidence"). The ALJ further noted that despite Plaintiff's testimony that she suffered from numerous "bad" side effects from her medication that prevented her from working, including loss of memory, dizziness, nausea, and fatigue (AR 39, 53-54, 56), her providers repeatedly documented no side effects at all from her prescription regimen. AR 21, 630, 632, 634, 638, 642, 646, 650. Plaintiff even reported that her activities of daily living and quality of life were significantly improved with the use of her medications (AR 450), evidence that the ALJ appropriately weighed against her credibility. *See* 20 C.F.R. § 404.1529 ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence[.]").

A claimant who challenges credibility findings "face[s] an uphill battle" and must demonstrate that the ALJ's explanations for such findings were unreasonable and unsupported by the evidence of record. *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005). Here, Plaintiff has failed to identify any error in the ALJ's analysis of her allegations, which properly referenced her daily activities, the extent of her treatment, and the lack of any documented side effects caused by her condition (AR 19-21), all of which was appropriate. *See* 20 C.F.R. § 404.1529(c)(3). Indeed, the evidence overwhelmingly supports the ALJ's conclusions regarding Plaintiff's allegations of disabling pain. The Court therefore rejects this assertion of error and finds that the ALJ's decision should be affirmed.

## V. RECOMMENDATION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 16) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *Id.*; M.D. Tenn. R. 72.01(b). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (*en banc*).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge